UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Shelbia Grant, | ) | C/A No. 5:20-cv-01019-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On January 24, 2023, counsel for Plaintiff filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). ECF No. 27. In the Motion, counsel requests reimbursement for representation provided in the above-referenced case in the amount of $26,729.77. *Id*. Plaintiff's counsel previously received an attorney fee award under the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, in the amount of $3,720.94. ECF No. 26. Counsel agrees that any attorney fees awarded under § 406(b)(1) are subject to offset by a previous EAJA attorney fee award and the lesser of the two amounts must be refunded to the plaintiff. On January 25, 2023, Defendant filed a response indicating no position on counsel's request for attorney's fees. ECF No. 30.

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has

held that § 406(b) sets a statutory ceiling for attorney fees in social security cases of 25 percent of past-due benefits and calls for court review of contingency fee agreements to assure that the agreement yields reasonable results in particular cases. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Contingency fee agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807. When the contingency fee agreement and requested fee do not exceed 25 percent of the past-due benefits, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. Even where the requested fee does not exceed 25 percent of past-due benefits, "a reduction in the contingent fee may be appropriate when (1) the fee is out of line with the 'character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case'" (i.e., the "windfall" factor). *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

As required by 42 U.S.C. § 406(b), the amount requested by counsel is not greater than 25 percent of the past-due benefits recovered by Plaintiff. Although most of the hours of work completed in this case were performed by paralegals, this Court has previously recognized that the issue is "whether the overall award is reasonable in light of the amount of work put forth by Plaintiff's counsel and the outcome of Plaintiff's case." *Graham-Willis v. Colvin*, C.A. No. 1:12-cv-02489-JMC, 2015 WL 4068597, at *4 (D.S.C. July 1, 2015) (citing *Siraco v. Astrue*, 806 F. Supp. 2d 272 (D. Me. 2011)); *see Siraco*,

806 F. Supp. 2d at 278–79 ("Thus, the issue here is not whether paralegal time is compensable or, if so, what multiplier, if any, is appropriate. The issue is whether this percentage contingent fee agreement yields a reasonable fee amount in this case."); *Dixon v. Colvin*, C.A. No. 5:12-cv-03625-RBH, 2016 WL 55275, at *2 (D.S.C. Jan. 5, 2016) (agreeing with the court in *Graham-Willis* that "the issue is not whether paralegal time is compensable, but whether the contingency fee yields a reasonable fee amount"). Moreover, this Court has previously found contingency fees with resulting hourly rates of as much as $1,000.00 to be reasonable in cases involving this counsel and other experienced practitioners in this area. *See, e.g.*, *Dixon*, 2016 WL 55275, at *3 (finding contingency fee with an effective hourly rate of $1,000.00 to be reasonable); *Boulware v. Colvin*, C.A. No. 4:13-cv-03597-RBH, 2016 WL 70821, at *2 (D.S.C. Jan. 6, 2016) (same); *Duvall v. Colvin*, C.A. No. 5:11-cv-00577-RMG, 2013 WL 5506081, at *1 (D.S.C. Sept. 30, 2013) (finding contingency fee with an effective hourly rate of $972.00 to be reasonable).[1] Accordingly, upon review of the motion, counsel's fee petition, and the accompanying fee agreement, the Court finds that the request is reasonable given the nature of the representation, the result obtained, and counsel's very substantial experience and proficiency in this area of practice.

Accordingly, Plaintiff's Motion for Attorney's Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b) [27] is **GRANTED** in the amount of $26,729.77. Plaintiff's counsel

---

[1] The Court notes that in cases where the requested fee was reduced, such as those ordered in *Graham-Willis*, *Dixon*, and *Boulware*, the Commissioner opposed Plaintiff's counsel's requested fee amount and specifically asked the Court to reduce it. Here, the Commissioner neither opposes nor consents to the request and has not sought a reduction.

is directed to return $3,720.94 previously awarded under the EAJA to Plaintiff after he receives payment of the § 406(b) fees.

    IT IS SO ORDERED.

                                                              s/ Donald C. Coggins, Jr.
                                                              United States District Judge

February 8, 2023
Spartanburg, South Carolina